**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Marlin Laursen, | Civil No. 09-163 (DWF/JJK) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION AND MEMORANDUM** |
| Michael Astrue, Commissioner of the Social Security Administration, | |
| Defendant. | |

___

Jennifer G. Mrozik, Esq., Hoglund, Chwialkowski & Mrozik, PLLC, counsel for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Defendant.

___

This matter is before the Court upon Plaintiff Marlin Laursen's ("Plaintiff") objections to Magistrate Judge Jeffrey J. Keyes's Report and Recommendation dated November 24, 2009, recommending that: (1) Plaintiff's Motion for Summary Judgment be denied; (2) Defendant's Motion for Summary Judgment be granted; and (3) this case be dismissed with prejudice. (Doc. No. 16.) Defendant Commissioner of Social Security, Michael J. Astrue, filed a Response to the Report and Recommendation on December 7, 2009 (Doc. No. 15), prior to the filing of Plaintiff's objections, and later filed a Response to Plaintiff's Objections to the Report and Recommendation on December 18, 2009 (Doc. No. 17).

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1. Plaintiff Marlin Laursen's objections (Doc. No. [16]) to Magistrate Judge Jeffrey J. Keyes's Report and Recommendation dated November 24, 2009, are **DENIED**.

2. Magistrate Judge Jeffrey J. Keyes's Report and Recommendation dated November 24, 2009 (Doc. No. [14]), is **ADOPTED**.

3. Plaintiff's Motion for Summary Judgment (Doc. No. [8]), is **DENIED**.

4. Defendant's Motion for Summary Judgment (Doc. No. [11]), is **GRANTED**.

5. This case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 31, 2010
        s/Donovan W. Frank
        DONOVAN W. FRANK
        United States District Judge

**MEMORANDUM**

As the parties are well aware, a review by the federal court of the Commissioner's decision to deny disability benefits to a claimant in the Plaintiff's position is limited to a determination of whether the decision of the Commissioner is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006).

Notably, in reviewing a record such as the one before the Court for substantial evidence, the Court may not substitute its own opinion for that of the ALJ. *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993). Moreover, the Court may not reverse the Commissioner's decision merely because evidence may exist to support the opposite conclusion. *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994); *see also Woolf*, 3 F.3d at 1213 (concluding that the ALJ's determination must be affirmed, even if substantial evidence would support the opposite finding).

It is the Court's view that this is essentially the situation before the Court, namely that the evidence can be construed in a way favorable to the Plaintiff that would support the opposite finding. However, the possibility that the Court could draw what are admittedly two inconsistent conclusions from the same record is not tantamount to legal error.

Consequently, the Court concludes that substantial evidence supports the ALJ's Residual Functional Capacity ("RFC") determination and that the ALJ is entitled to discount Dr. Jankus's opinion because it was inconsistent with other substantial evidence

in the record. It should be noted, as observed by Magistrate Judge Keyes, that Dr. Jankus was not Plaintiff's "treating source" and that the ALJ was not required to give controlling weight to the opinion. 20 C.F.R. § 404.1527(d)(2), 416.927(d)(2) (describing the weight to be given to medical opinions of a treating source, which may be granted less than controlling weight if inconsistent with other medical evidence in the record). The Court concurs with the observation of Magistrate Judge Keyes at page 31 of his Report and Recommendation that the ALJ reasonably rejected the limitations imposed by Dr. Jankus's opinion based upon the substantial evidence in the record because those limitations were inconsistent with the other medical evidence in the record. The record before the Court supports the finding that the ALJ reached his conclusion because Dr. Jankus's opinion was inconsistent with the overall substantial evidence in the record. Pages 31 and 32 of the Report and Recommendation set out accurately the analysis that was utilized by the ALJ. For these reasons, no legal error occurred when the ALJ excluded Dr. Jankus's opinion from the RFC determination.

The Court also respectfully declines to remand the case to reevaluate the ALJ's evaluation of Dr. Jankus's opinion because the ALJ's decision is supported by substantial evidence on the record as a whole.

To the extent that the objections by the Plaintiff can be construed to suggest that an erroneous or otherwise inaccurate hypothetical was given to the vocational expert, in part for failing to include Dr. Jankus's limitation, the Court concludes that the hypothetical

was indeed supported by substantial evidence in the record, including, but not limited to, the assessment by Drs. Erik Ekstrom and Jacelyn Kawiecki.

For these reasons, the Court has respectfully denied the objections to the Report and Recommendation and granted summary judgment to the Defendant. However, the Court must acknowledge that the best interests of the parties would have been more appropriately served by the Court filing a decision within 30 to 45 days of receipt of the Report and Recommendation, rather than the 114 days that this decision represents. Irrespective of how the Court's decision is evaluated by the parties and other interested individuals, the Court has commented in prior cases about the adverse and oftentimes traumatic effect of the delays in decision-making, both the administrative process and the federal court process, when a party is seeking a Social Security disability determination. *Contreras v. Astrue*, 2009 WL 5252828 (D. Minn. Aug. 26, 2009).

D.W.F.